OUTTEN & GOLDEN LLP

Gary Phelan, Esq.
Attorneys for the Plaintiff
4 Landmark Square, Suite 201
Stamford, CT 06901
(203) 363-7888

FILED

2007 JAN 24  P 2: 30

U.S. DISTRICT COURT
BRIDGEPORT CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------x
GINGER JEE,

    Plaintiff,

v.

ABILITY BEYOND DISABILITY,

    Defendants.
-------------------------------------------------------x

Index No. Civ.

**307CV00118 AWT**

COMPLAINT AND
JURY DEMAND

January 24, 2007

Plaintiff, Ginger Jee, by her attorneys Outten & Golden LLP, as and for her Complaint, alleges as follows:

## NATURE OF THE ACTION

1. The plaintiff, Ginger Jee, brings this action to recover the damages caused by the Defendant's violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101 et seq. In October, 2004, the defendant, Ability Beyond Disability, withdrew a job offer it had extended to Ms. Jee. The Defendant withdrew the job offer to her because Ms. Jee is deaf, even though the plaintiff was qualified to perform the essential functions of the positions of Community Support Coordinator, with or without accommodations, which had been offered to her. Before extending a job offer to the plaintiff, the Defendant also asked the Plaintiff unlawful questions about her disability and refused her request to provide her with an accommodation for her disability, in violation of the ADA.

## JURISDICTION AND VENUE

2.      The court has jurisdiction under 28 U.S.C. § 1331. The Plaintiff's lawsuit alleges a cause of action under federal law.

3.      The parties to this action reside in and regularly do business in Connecticut. The actions which gave rise to this Complaint occurred within the jurisdiction of this venue. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      The Plaintiff, Ginger Jee, is a citizen of the United States and presently resides in Kent, Connecticut. Ms. Jee was an "employee" of Defendant, Ability Beyond Disability, within the meaning of 42 U.S.C. § 12111(4). As defined by the ADA, Ms. Jee has a hearing impairment that substantially limited one or more of her major life activities, including, but not limited to, hearing. At all relevant times, Ability Beyond Disability knew that Ms. Jee was able to perform the essential functions of the position of Community Support Coordinator, with or without reasonable accommodation, and, therefore, was a "qualified individual with a disability," as that term is defined by the ADA, 42 U.S.C. § 12131(2).

5.      The Defendant, Ability Beyond Disability, ("ABD") is a Connecticut non-profit organization which maintains offices located at 4 Berkshire Boulevard, Bethel, CT 06801. The Defendant is an "employer", as defined by the ADA, 42 U.S.C. § 12131(1), because, at all relevant times, Defendant was engaged in a industry affecting commerce and employed fifteen or more employees for each working day during the twenty or more calendar weeks in the current or preceding calendar year. ABD's mission is to enable individuals whose independent living skills are impaired by disability, illness or injury to achieve and maintain self-reliance,

fulfillment and comfort at home, at work and in the community by providing the best comprehensive home health care and rehabilitation services.

## PROCEDURAL BACKGROUND

6. In July, 2005, Ms. Jee filed a timely charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant Ability Beyond Disability discriminated against her because of her disability. The Plaintiff timely filed a charge of disability discrimination with the EEOC. The EEOC issued her a Notice of Right to Sue on October 26, 2006 which she received on October 28, 2006. This complaint has been filed within 90 days of the date that the plaintiff received the EEOC's Right to Sue letter.

## FACTUAL ALLEGATIONS

7. Ms. Jee has a hearing impairment which substantially limits her in one or more major life activities, including, but not limited to, hearing.

8. The Plaintiff received a Bachelors' of Arts Degree in 1991 from Rochester Institute of Technology and a Masters of Art Degree in Vocational Rehabilitation University in 1996. Prior to interviewing with the Defendant, the Plaintiff had substantial experience as both a Vocational Rehabilitation Counselor and a Deaf Outreach Counselor/Advocate.

9. The Plaintiff applied to Ability Beyond Disability in 2004 for an employment position.

10. In August, 2004 and September 2004, the Plaintiff was interviewed by Peter Vigliaro, a Senior Manager, Sara Vokes, a Human Resource/Generalist/Recruiter, and Carrie O'Connell, a Unit Leader/Community Employer.

11. In response to Sara Vokes' interview questions, the plaintiff disclosed that she was deaf. Ms. Vokes then asked the plaintiff how she became deaf, when she became deaf, whether she had been deaf all her life and whether she knew what caused her deafness.

12. After interviewing on September 23, 2004 with Peter Figliaro, Defendant offered Ms. Jee a position as Community Support Coordinator, and she accepted the offer.

13. The written job description for Community Support Coordinator position listed four requirements for the position: (1) a bachelors degree in the Human Service Field, (2) at least 2 years relevant experience, (3) a current valid drivers license and (4) the ability to lift at least 35 pounds.

14. The Plaintiff met each of the four requirements for the Community Support Coordinator position.

15. The Plaintiff was told that she would be paid an annual salary of $41,000. per year. She was also told that before she started working, she would need to take a physical examination.

16. Soon after the Plaintiff took the physical examination, she was informed by Ability Beyond Disability that it decided to withdraw its job offer to her based upon [her] hearing disability because she did not pass the hearing test.

17. Before the interview process for the Community Support Coordinator position began, the Plaintiff asked the Defendant to provide her with a sign language interpreter as an accommodation for her hearing impairment. However, the Defendant refused to provide her with either an interpreter or any alternative accommodation.

18. The plaintiff has suffered a loss of wages and benefits and severe emotional distress as a result of the ABD's violation of ADA.

### FIRST COUNT

**Withdrawal of Job Offer in Violation of Title I of the ADA**

19. Paragraphs 1-18 are incorporated by reference the same as if fully pleaded herein.

20. Ms. Jee hearing impairment, as described in this Complaint, constituted a disability within the meaning ADA.

4

21.  By its actions, Defendant, Ability Beyond Disability, violated Title I of the ADA by withdrawing the job offer it had extended to her because of her hearing impairment even though she was qualified to perform the essential functions of the job, with or without a reasonable accommodation.

## SECOND COUNT

### Refusing to Accommodate the Plaintiff, Based on Disability, in Violation to Title I of the ADA

22.  Paragraphs 1-18 are incorporated by reference the same as if fully pleaded herein.

23.  The Defendant violated the ADA by asking the Plaintiff before it extended a job offer as to how she became deaf and how long she had been deaf, when she became deaf and whether she knew what caused her deafness.

## THIRD COUNT

### Unlawful Pre Offer Disability Based Inquiries, In Violation of Title I of the ADA

24.  Paragraphs 1-18 are incorporated by reference the same as if fully pleaded herein.

25.  The Defendant violated the ADA by refusing to provide the plaintiff with a sign language interpreter or any other alternative accommodation after she requested that the Defendant provide her with an accommodation for her hearing impairment during the interview process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Accept jurisdiction over this action;

2.  Order the Defendant to compensate the Plaintiff for her past and future loss of wages and benefits plus interest;

3.  Enter judgment in favor of the plaintiff for such amount as may be awarded by a jury for compensatory damages for her physical and emotional suffering and loss of enjoyment of life;

4.   Enter judgment in favor of the plaintiff for such amount as may be awarded by a jury for punitive damages;

5.   Reinstate the Plaintiff to the position of Community Support Coordinator or, in lieu of reinstatement, award her front pay (including benefits);

6.   Award to the plaintiff all costs and reasonable attorney's fees incurred in connection with this action;

7.   Grant such additional or alternative relief as may appear to the Court to be just and equitable.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: Stratford, Connecticut
       January 24, 2007

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By: _____
Gary Phelan, Esq. (CT 03674)
Attorneys for Plaintiff
4 Landmark Square, Suite 201
Stamford, CT  06901
(203) 363-7888